IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 4798 |
| v. | ) | |
| | ) | Magistrate Judge |
| ANDREW SAUL, Commissioner of | ) | Maria Valdez |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Stephanie H.'s claims for Child's Insurance Benefits and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I.  PROCEDURAL HISTORY

On April 8, 2016 Plaintiff protectively filed a claim for SSI, and on November 7, 2016 she filed an application for Child's Insurance Benefits based on disability beginning March 1, 2012.[2] The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 23, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On July 19, 2018, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 1, 2012. At step two, the ALJ concluded that Plaintiff had the severe impairment of mood disorder

---

[2] Plaintiff was born on December 26, 1990 and thus had not attained age 22 as of the alleged onset date.

2

and several non-severe physical impairments, including asthma, obesity, and sleep apnea. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: simple instructions; routine, repetitive tasks; simple work-related decision; a work setting with reduced social demands defined as no public interaction; and only occasional interaction with supervisors and coworkers.

At step four, the ALJ noted that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) her step 3 analysis was flawed; (2) she failed to accommodate Plaintiff's non-exertional limitations in the RFC assessment; and (3) she improperly failed to consider physical limitations of morbid obesity and asthma in the RFC assessment.

The ALJ's RFC determination contains one obvious error that is wholly unsupported by any record evidence and requires remand, namely that Plaintiff retained the residual functional capacity "to perform a full range of work at all exertional levels." (R. 23.) The ALJ gave no evidentiary or logical basis for her conclusion that Plaintiff, a 5'2" woman whose weight ranges between 200 and 232 pounds and has a history of asthma, wrist impairment, and foot surgery, is capable

6

of performing work at all exertional levels, which would include heavy work (requiring lifting up to 100 pounds, with frequent lifting of objects up to fifty pounds) and very heavy work (requiring lifting more than 100 pounds, with frequent lifting of objects weighing more than fifty pounds). *See* 20 C.F.R. § 404.1567(d)-(e). If the ALJ intended to find that Plaintiff had no exertional limitations, she needed to build a logical bridge between the evidence and that conclusion. The fact that Plaintiff worked a seasonal warehouse job at the medium exertional level does not support the finding that she had no exertional limitations whatsoever. This error is not harmless, because the VE was only asked hypothetical questions about an individual with no exertional limitations. Accordingly, the Court has no basis to conclude that jobs exist for a person with Plaintiff's mental limitations who also has any exertional limitations.

  Based on its conclusion that remand is necessary for the above reason, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes, however, that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Commissioner is admonished that, on remand, special care should be taken to ensure that Plaintiff's mental limitations are explored more fully, at both step 3 and in the RFC finding. The treating physician rule was effective at the time of the application, and thus the ALJ should have given controlling weight to Plaintiff's treating psychiatrist unless good reasons existed to discount the opinion. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Campbell v.*

7

*Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). The ALJ, however, seemed to simply disagree with the psychiatrist's conclusions, seizing on minor inconsistencies without exploring the significant evidence in the record supporting Plaintiff's allegations that she suffers from disabling mental limitations. The ALJ's failure to properly analyze this evidence would be, by itself, another reason to remand the matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**        **ENTERED:**

*/s/ Maria Valdez*

**DATE:**    **February 12, 2021**                _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**